THE ENSENADA ESTATES, INC., DEMANDANTES Y APELANTES, *v.* BENEDICTO, TESORERO DE PUERTO RICO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en pleito sobre devolución de contribuciones.

No. 1782.—Resuelto en diciembre 23, 1918.

SENTENCIAS POR DESISTIMIENTO—JURISDICCIÓN.—Los tribunales de justicia tienen facultades inherentes, independientemente del estatuto, para desestimar las acciones por falta de instancia.

ID.—CUÁNDO SERÁN REVOCADAS EN APELACIÓN—ABUSO DE DISCRECIÓN.—Cuando una corte de distrito dentro de sus poderes jurisdiccionales dicta una sentencia desestimando por falta de instancia, contra la cual se hubiera establecido recurso de apelación, el Tribunal Supremo no revocará dicha sentencia, a no ser que se probare que ha habido abuso de discreción.

ABUSO DE DISCRECIÓN—CUÁNDO EXISTE—JUSTICIA DE LA RESOLUCIÓN IMPUGNADA.—Para resolver en cualquier caso determinado que un juez ha hecho mal uso de la facultad discrecional inherente que tiene para declarar desistida una acción por falta de instancia, debe aparecer claramente que no se ha hecho buen uso de esa facultad, por lo que se hace necesario considerar los antecedentes que él consideró, para ver si fué justa o no su resolución.

ID.—CAUSAS QUE EXCUSAN LA DILACIÓN.—Aunque el pleito tenía catorce meses de paralización cuando se pidió que se tuviera al demandante por desistido de su acción, sin embargo, como las partes estuvieron tratando de un convenio sobre los hechos para facilitar su decisión, aunque esto fué a instancias del demandado, creemos que los seis o siete meses siguientes no es un tiempo tan largo que justifique una sentencia de desistimiento por abandono de la acción.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. O. B. Frazer.*

Abogados del apelado: *Hon. Howard L. Kern, Attorney General de Puerto Rico,* y *Sr. Jaime Sifre, Jr.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La corporación apelante presentó demanda en la Corte de Distrito de San Juan, Sección 1ª., contra el Tesorero de Puerto Rico, reclamándole la devolución de cierta cantidad de dinero que había pagado bajo protesta por contribuciones que se le reclamaron y cuyo cobro entiende que es ilegal. El demandado formuló excepción a esa demanda alegando que no contiene hechos suficientes determinantes de causa de acción y al mismo tiempo la contestó. Oída previamente esa excepción la corte de distrito la resolvió en favor del demandado y en consecuencia dictó sentencia declarando sin lugar la demanda, pero apelada para ante nosotros la revocamos en 28 de julio de 1916 disponiendo además que continuasen los procedimientos.

Desde entonces no se dió paso alguno ante el tribunal en ese pleito durante catorce meses hasta que el 9 de octubre de 1917 el demandado presentó moción a la corte pidiéndole que por el abandono en que el demandante tenía su pleito dictase sentencia teniendo a éste por desistido de él. Habiendo sido oídas las partes respecto de esta moción el juez la resolvió en favor del demandado y dictó sentencia de acuerdo con lo pedido por el demandado. De esta sentencia apeló la parte demandante siendo el objeto del presente recurso.

Aunque existe en la corte de distrito una regla publicada

en junio de 1917 según la cual al llamarse el calendario en cada término regular de la corte, notificándose a las partes debidamente con una anticipación de por lo menos cinco días, se podrán desestimar por la corte todas las acciones, pleitos y otros procedimientos en los cuales no se hubiese hecho progreso alguno y anotádose en el récord por un término de un año o más debido a la negligencia de las partes, a menos que la tardanza se justifique oportunamente ante la corte, sin embargo el apelado no sostiene la moción que motivó la sentencia que se discute en esta regla y por su parte el demandante apelante arguye que no es aplicable, de modo, pues, que ninguna de las dos partes se apoya en esa regla para discutir la justicia o injusticia de la resolución apelada. Por consiguiente, aunque nosotros también creemos que esa regla no es aplicable a este caso, no la trataremos más a fondo y consideraremos el recurso bajo otros aspectos, que son en verdad los discutidos ampliamente por los abogados de las partes.

Aunque el apelante sostiene que la corte de distrito sólo tiene jurisdicción para dictar sentencia por desistimiento en los casos mencionados en el artículo 192 del Código de Enjuiciamiento Civil y que en todos los que no estén comprendidos en ese precepto debe dictarse sentencia de acuerdo con las resultancias del pleito, sin embargo este punto fué amplia y concienzudamente tratado por este Tribunal Supremo en el caso de la Sucesión Chavier contra Sucesión Giraldez, 15 D. P. R. 154, en el que después de amplio estudio y con abundantes citas de resoluciones de otros tribunales, se llegó a la conclusión de que según la jurisprudencia constante de los tribunales de California, de donde Idaho y nosotros tomamos nuestro Código de Enjuiciamiento Civil, los tribunales tienen facultad inherente, independientemente del artículo 192 de nuestro Código de Enjuiciamiento Civil, que corresponde con el 581 del de California, para desestimar las acciones por falta de instancia y que el Tribunal Supremo no intervendrá con la resolución que por tal motivo se dicte, a no ser que

se probare que ha habido abuso de discreción.   No considerar.emos, pues, más extensamente este punto, que está sostenido por sentencias de California posteriores a las citadas por este Tribunal en ese caso.

Descartada, pues, esta cuestión, podemos proceder a ver si el demandante presentó alguna justificación a la corte de la paralización de su pleito.

El día en que se verificó la audiencia de la moción del demandado presentó el demandante una declaración escrita y jurada de su abogado, O. B. Frazer, en la que sustancialmente expone que no activó la marcha de su pleito porque el abogado R. W. Perkins, Jr., que como fiscal auxiliar del Departamento de Justicia estuvo encargado del alegato y de la argumentación del pleito ante la Corte Suprema, habló con el declarante poco tiempo después de dictada la sentencia por nosotros declarando suficiente la demanda, y le manifestó que en el Departamento de Justicia se estaba considerando apelar dicha sentencia o establecer contra ella recurso de *certiorari;* que en otras ocasiones hablaron también sobre el mismo tema y el señor Perkins le expuso siempre esa misma idea por lo que para facilitar la apelación no prosiguió con su pleito; que el 10 de enero de 1917 habló con el señor Kern, Attorney General de Puerto Rico, sobre varios asuntos en su oficina y el señor Kern le propuso hacer una estipulación sobre hechos del pleito para someterla al tribunal y facilitar la resolución, proposición que aceptó en principio aunque pendiente de consulta a los oficiales de la corporación que residen en Nueva York; que el mismo día hizo esa consulta y poco tiempo después recibió autorización para hacer el convenio de cierta manera, por lo que durante los meses de febrero o marzo habló con el señor Kern pero no consiguieron ponerse de acuerdo sobre dicha exposición y por eso fué abandonado ese plan; que entonces empezó a prepararse para el juicio con la intención de celebrarlo tan pronto pudiera conseguir las deposiciones de algunos testigos necesarios, ausentes de Puerto Rico, pero se encontró

con que el señor H. S. Brandon, que es uno de los testigos
más importantes del demandante porque era el administra-
dor de la fábrica de azúcar en la fecha de la tasación de que
se queja la demandante y bajo cuyas órdenes fueron suminis-
trados al Tesorero los informes en este asunto y quien per-
sonalmente compareció ante la Junta de Revisión e Iguala-
miento para esa cuestión, hechos alegados en la demanda,
no era encontrado y sólo pudo saber que se encontraba en
alguna parte de Inglaterra pero no ha podido saber el sitio
fijo; que a pesar de esto está dispuesto a celebrar la vista
del pleito siempre que se le conceda tiempo bastante para ob-
tener las deposiciones de ciertos testigos importantes que se
hallan en los Estados Unidos y Cuba y que prescindirá de
la deposición del señor Brandon si para el tiempo que se le
conceda no puede obtener su declaración.

El demandado a su vez presentó también declaración es-
crita y jurada de su abogado señor Howard L. Kern, Attorney
General de Puerto Rico, en la que sustancialmente se consigna
que como la resolución que había dictado el Tribunal Su-
premo en este caso era únicamente sobre excepciones, y por
tanto interlocutoria y no final, no podía tomarse apelación
de ella para ante la Corte Suprema de los Estados Unidos
ni para ante la de Circuito de Apelaciones para el Primer
Circuito; que si bien podía solicitarse un auto de *certiorari*
de la Corte Suprema de los Estados Unidos para la Corte
Suprema de Puerto Rico, sin embargo esta clase de autos
rara vez se concede en tales casos y no conoce ningún caso
en que tal auto haya sido expedido por la Corte Suprema
de los Estados Unidos contra la Corte Suprema de Puerto
Rico; que este auto tenía que solicitarse dentro de tres me-
ses de dictada la sentencia, por lo que en 28 de octubre de
1916 expiró el plazo dentro del cual hubiera podido solicitar
ese auto; que ni el declarante ni, según su información y
creencia, persona alguna relacionada con el Departamento
de Justicia de Puerto Rico ha solicitado jamás del deman-
dante o de su abogado en este pleito que se abstenga de to-

mar acción alguna en el caso desde la resolución de este Tri-
bunal y que la culpa de que el demandante o su abogado de-
jare de tomar cualquier acción en el pleito no se debe a nin-
guna súplica expresa o tácita hecha por el declarante ni por
ninguna persona actuando en su representación; que es cierto
que desde que dictamos nuestra sentencia de 28 de julio de
1916 está pensando en apelar de ella si la resolución final en
el juicio es contraria a sus alegaciones; que es verdad, se-
gún alega el señor Frazer, que tuvo varias entrevistas con
él con respecto a una propuesta aceptación de los hechos
pero que los esfuerzos del declarante para conseguir tal
acuerdo fueron hechos solamente a nombre del demandado;
que los actos del declarante en preparar el caso para vista
a nombre del demandado no ofrecen excusa al demandante
para dejar de dar paso alguno en su pleito durante catorce
meses y que la diligencia del demandado no excusa la falta
de diligencia del demandante.

Habiendo resuelto el juez de la corte inferior con vista
de ambas declaraciones escritas y juradas que la demanda
debía ser desestimada por abandono del demandante en el
ejercicio de su acción, surge la cuestión de si hubo o no abuso
de discreción por el juez al hacer uso de su facultad inherente
de desestimar la demanda.

Para resolver en cualquier caso que un juez abusa, o,
mejor dicho, hace mal uso de la facultad discrecional inhe-
rente que tiene por ser juez o porque se la concede expresa-
mente la ley, tiene que aparecer claramente que no ha hecho
buen uso de esa facultad, por lo que debemos considerar los
antecedentes que él tuvo para ver si en este caso fué justa
o no su resolución.

Existe contradicción entre las declaraciones escritas y ju-
radas de los abogados de las partes respecto al hecho de si
algún oficial del Departamento de Justicia manifestó al abo-
gado de los demandantes que se trataba en su oficina de ape-
lar la sentencia de esta corte, y en vista de que esa sentencia
de este Tribunal era solamente revisable por auto de *certio-*

*rari,* que hasta ahora no se ha expedido ninguno contra esta Corte Suprema y que en efecto debía solicitarse dentro de tres meses de dictada la resolución, podemos llegar a la conclusión de que éste no era un buen motivo para considerar que la paralización era justificada o excusable, aunque no empece a que en efecto, equivocadamente, se hicieran en algún tiempo manifestaciones semejantes al señor Frazer.

Sin embargo hay un hecho en que los abogados de las partes convienen, y es que de enero a febrero o marzo tuvieron intenciones y trataron de hacer un convenio de hechos para presentarlo al tribunal y facilitar la resolución del pleito, propuesto por el abogado del demandado, pero de todos modos proposición de arreglo o convenio en cuanto a hechos que mediaba entre las partes y que en definitiva hubo que desechar porque no pudieron entenderse.

Aun cuando este acto no constaba antes en el pleito, sin embargo en vista de las pruebas presentadas para la resolución de la moción, entendemos que no puede negarse que en aquel momento el demandante, aunque no fuera a moción suya sino del demandado, estaba gestionando la sustanciación de su pleito y buscando los medios, aunque a instancias del demandado, de facilitar la resolución final. En vista de esto no podemos decir que en esa época tenía abandonado su pleito. Desde entonces solamente tenemos la manifestación suya de que buscaba al testigo Mr. Brandon, importante para él, y que no lo encontraba.

Es un hecho del conocimiento público y judicial la existencia de la guerra Europea, las dificultades que ella produjo en todos los órdenes, el trasiego de hombres de unos puntos a otros y por tanto que es muy creíble que el demandante tuviera dificultad para encontrar a dicho testigo en los momentos en que los Estados Unidos e Inglaterra estaban envueltas en ese conflicto.

En vista de todas estas circunstancias y de que aun contando la paralización del pleito desde que se rompieron las negociaciones de los abogados de las partes para convenir en

una alegación escrita sobre hechos, creemos que hasta que se presentó la moción de desestimación en octubre siguiente y aun prescindiendo de las gestiones hechas por el abogado del demandante para buscar sus testigos, no había transcurrido un tiempo irrazonable suficiente en este caso concreto para declarar desestimada la acción del demandante; por cuyas razones creemos que la justicia pedía que no se echaran a un lado los derechos del demandante y que se le permitiera continuar con su pleito, aun teniendo en cuenta la naturaleza de éste, en que por reclamarse la devolución de dinero pagado por contribuciones, tal dinero queda detenido en las arcas del Tesoro hasta la resolución del pleito.

Por las razones expuestas, entendemos que la sentencia apelada debe ser revocada y que el pleito debe continuar su curso.

*Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Wolf.

Los Jueces Asociados Sres. del Toro y Hutchison disintieron.